IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CLINTON "BUD" WILCOX; R IDEA LLC, a California Limited Liability Company; R SOUND LLC, a California Company,<br><br>                 Plaintiff,<br><br>          v.<br><br>ARMEN KAZANCHIAN, an individual; ALVIN WIRTHLIN, an individual; PATENT ACQUISITIONS LLC, an entity of unknown form; and TCC INDUSTRIES, INC., a California corporation; and DOES 1-50, inclusive,<br><br>                 Defendants. | 2:08-cv-01498-GEB-GGH<br><br>ORDER[*] |

On June 27, 2008, Defendants removed this suit contending that jurisdiction is under 28 U.S.C. §§ 1331 and 1338, because each cause of action in the First Amended Complaint ("FAC") "turns on patents and their invention." Plaintiffs disagree, and filed the remand motion sub judice on August 8, 2008. Plaintiffs argue the suit must be remanded because the federal court lacks federal question jurisdiction.

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1         The removing party bears the burden of establishing jurisdiction.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1990).  The issue whether federal question exists under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"), is subsumed in the question whether any of Plaintiffs' claims arise under patent law.  28 U.S.C. § 1338(a).  "A district court's federal-question jurisdiction . . . extends over 'only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law,' in that 'federal law is a necessary element of one of the well-pleaded . . . claims.'"  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13, 27-28 (1983)).

        Perusal of Plaintiffs' FAC establishes that patent law did not create any of Plaintiffs' state-law claims.  Therefore, "the dispute centers around whether patent law 'is a necessary element of one of the well-pleaded [state] claims.'"  Id. (citation omitted).  "Under the well-pleaded complaint rule, as appropriately adapted to § 1338(a), whether a claim 'arises under' patent law 'must be determined from what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.'  Thus, a case raising a federal patent-law defense does not, for that reason alone, 'arise under' patent law, 'even if the defense is anticipated in the plaintiff's complaint, and even if both

2

1  parties admit that the defense is the only question truly at issue in
2  the case.'" Id. (quoting Franchise Tax Bd. of Cal., 468 U.S. at 10,
3  14). Further, "[w]hen a claim can be supported by alternative and
4  independent theories - one of which is a state law theory and one of
5  which is a federal law theory - federal question jurisdiction does not
6  attach because federal law is not a necessary element of the claim."
7  Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996).

8  Defendants first argue in opposition to Plaintiffs' motion
9  that Plaintiffs' seventh cause of action for "breach of
10 agency/fiduciary duty" against Defendant Alvin Wirthlin ("Wirthlin"),
11 a patent agent, constitutes a federal cause of action because "37
12 C.F.R. Part 10 has been promulgated by the USPTO [United States Patent
13 and Trademark Office] and is the sole authority governing the conduct
14 of patent agents . . . practicing before the USPTO." (Opp'n at 7:8-
15 10.) Plaintiff counters "[t]here has been no authority to suggest
16 that rules governing patent agents contain all of the rules, rights,
17 and remedies, including state law obligations, relating to performance
18 of duties as an agent and confidante." (Reply at 2:23-3:1.)
19 Plaintiffs allege that Wirthlin has been working with Defendant Armen
20 Kazanchian ("Kazanchian") to the detriment of Plaintiffs, that
21 Wirthlin and Kazanchian advised Plaintiffs' customer and TCC
22 Industries that Kazanchian is the sole owner of the intellectual
23 property rights, that Wirthlin improperly removed Wilcox from patent
24 application information documents, that Wirthlin abandoned the work on
25 the patents, and that Wirthlin misappropriated for his own benefit the
26 proceeds from the products. (FAC ¶¶ 22-27, 53-58.) Since Plaintiffs
27 allege this claim under state law and Defendants have not shown that
28

1  this claim necessarily involves a substantial and disputed issue of
2  federal patent law, this claim did not justify removal.
3          Defendants next argue "Plaintiffs' FAC invokes federal
4  jurisdiction by stating that there are 'significant issues' as to
5  inventorship of the subject patents." (Opp'n at 10:8-9.) Defendants
6  cite to paragraphs 20 and 26 of Plaintiffs' FAC, which state,
7  respectively, "[t]here are significant issues as to whether Kazanchian
8  was properly shown as co-applicant" and "it is important and
9  beneficial for Mr. Wilcox to continue to remain designated as the
10 applicant and owner of the patent and such patent information";
11 Defendants' contend that "[t]he word 'applicant' is interchangeable
12 with 'inventor' . . . ." (Opp'n at 2 n.1, 10:19-22.) Plaintiffs
13 counter they "are not asking the court to change or adjudicate the
14 patents." (Reply at 3:10-11.) Plaintiffs argue paragraph 20 of the
15 FAC, which alleges in part, "Kazanchian was fully paid as a consultant
16 for all his services," was included to show that Kazanchian was
17 appropriately compensated for his work under the parties' agreement.
18 Plaintiffs also argue paragraph 26 was included to show that Wirthlin
19 breached his fiduciary duty to Wilcox by "removing . . . Wilcox . . .
20 from patent application information documents." (FAC ¶ 26.)
21 Defendants' argument is premised on the general allegations in the
22 FAC, which Defendants underscore "are incorporated by reference into
23 each cause of action." (Opp'n at 10:17.) The Ninth Circuit rejected
24 such an argument in <u>Duncan v. "Footsie Wootsie Machine Rentals"</u>, 76
25 F.3d 1480, 1488 n.11 (9th Cir. 1995), stating that the plaintiff's
26 incorporation by reference of a general allegation that she owned the
27 trademark to "Footsie Wootsie" did not provide a basis for substantial
28 federal question jurisdiction since the state law claim was not

1  necessarily based on the misappropriation of the federal trademark.
2  Since the claims that these allegations concern are alleged under
3  state law and Defendants have not shown that these allegations
4  necessarily involve a substantial and disputed issue of federal patent
5  law, the allegations did not justify removal.
6          Defendants next argue that Plaintiffs' second cause of
7  action seeks "declaratory judgment as to proper inventorship and
8  ownership of patent rights," citing paragraph 36 of the FAC, which
9  states, "Plaintiffs request a judicial declaration regarding the
10 parties' respective rights and duties[;] that the court order no
11 further sum is owing to defendant TCC Industries[;] and that plaintiff
12 shall be entitled to all Necessary Information for manufacture of R
13 Card."  (Opp'n at 12:1-23; FAC ¶ 36.)  Plaintiffs counter that they
14 are seeking a judicial declaration regarding their rights under an
15 oral agreement with TCC Industries.  (Reply at 4:5-19.)  The FAC
16 alleges there is an "actual controversy" concerning the respective
17 rights of the parties "under their oral agreement" and that Plaintiffs
18 "requested" and "paid for" the "Necessary Information" as "a work-for-
19 hire by defendants."  (FAC ¶¶ 34-35.)  Determination of contractual
20 rights, even those involving patents, is typically governed by state
21 law.  <u>Jim Arnold Corp. v. Hydrotech Sys. Inc.</u>, 109 F.3d 1567, 1572
22 (Fed. Cir. 1997) ("It is well settled that if the patentee pleads a
23 cause of action based on rights created by a contract, or on the
24 common law of torts, the case is not one 'arising under' the patent
25 laws.").  Since Plaintiffs allege this claim under state law and
26 Defendants have not shown that this claim necessarily involves a
27 substantial and disputed issue of federal patent law, this claim did
28 not justify removal.

5

Defendants next argue Plaintiffs' fifth cause of action for interference with prospective business advantage requires a determination of whether Kazanchian "was a proper owner of the patent information based on co-ownership." (Opp'n at 12:24-13:23.) Plaintiffs counter "[t]he issue in the fifth cause of action is whether, contrary to the business arrangement between plaintiff and defendants, defendants have usurped plaintiffs' interests and the good will plaintiffs have made." (Reply at 5:2-4.) To show a claim of interference with business prospect, a plaintiff must show "the defendant . . . knowingly interfered with the plaintiff's expectancy [and] engaged in conduct that was wrongful by some legal measure other than the fact of interference itself." Marin Tug & Barge, Inc. v. Westport Petroleum, Inc., 271 F.3d 825, 831 (9th Cir. 2001). The FAC alleges that Defendants "have caused a failure and delay in fulfilling the original order of [Plaintiffs' customer]" and "have contacted [Plaintiffs' customers] in order to usurp and take advantage of all of the beneficial goodwill built by Plaintiffs . . . ." (FAC ¶ 46.) Defendants have not shown this claim necessarily involves a substantial and disputed issue of federal patent law.

Defendants next contend Plaintiffs' unfair competition claim, which Plaintiffs' allege under California law, is really a federal claim; arguing "Plaintiffs cannot establish that Defendants' acts are unfair and unlawful unless they prove . . . (1) the Subject Patents were not invented by Kazanchian, and (2) it is unfair or unlawful for one patent co-inventor to practice the invention without the other co-inventor." (Opp'n at 13:27-14:12.) "Unfair competition" is defined as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "[A] practice is


prohibited as 'unfair' or 'deceptive' even if not 'unlawful' or vice versa." Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1043 (9th Cir. 2003) (quoting Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 973 P.2d 527, 540 (Cal. 1999)).  Since Plaintiffs do not allege violation of patent laws as a basis of their unfair competition claim, and Defendants have not shown that Plaintiffs' unfair competition claim involves a substantial and disputed issue of federal patent law, this claim has not been shown to justify removal.

For the reasons stated, Plaintiffs' prevail on their remand motion.  This case is remanded to the Superior Court of the State of California in and for the County of Nevada.

IT IS SO ORDERED.

Dated:  October 10, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge